# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 5419 | DATE | 10/16/2002 |
| CASE TITLE | Casey R. O'Neil vs. Unum Life Insurance | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to FRCP 12(b)(6) is granted. This case is terminated. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | OCT 17 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 13 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TSA courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ESTATE OF CASEY R. O'NEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 5419 |
| v. ) | |
| ) | Wayne R. Andersen |
| UNUM LIFE INSURANCE COMPANY ) | District Judge |
| OF AMERICA, a foreign insurance company, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendant Unum Life Insurance Company of America to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is granted.

## BACKGROUND

The following factual background is taken from the plaintiff's amended complaint and the parties' briefs on this motion. Defendant Unum Life Insurance Company of America ("Unum") is a corporation licensed to write life and accidental death benefit insurance in the state of Illinois. Casey Ryan O'Neil, the plaintiff's decedent, was issued a group life and accidental death and dismemberment policy by Unum. The plaintiff in this case, Donald R. O'Neil, is the father and independent administrator of the estate of Casey O'Neil.

On September 3, 1999, while the insurance policy was in full force, the amended complaint states that Casey O'Neil died as the result of accidental causes. On September 4,

1999, a post-mortem examination was conducted by the Medical Examiner's Office of Cook County, Illinois. This examination concluded with the opinion that Casey O'Neil died as a result of opiate and alcohol intoxication. On November 12, 1999, Donald O'Neil, the decedent's father and the plaintiff in this case, was appointed independent administrator of the estate of Casey O'Neil. The plaintiff has alleged in the amended complaint that any opiate or alcohol present in his son's body at the time of his death must have been involuntarily ingested since it was his belief that Casey did not use "so-called controlled substances." (Complt. at ¶ 12.)

Though it is unclear exactly when he did so, the plaintiff filed a claim with Unum under his son's accidental death and dismemberment insurance policy. On April 14, 2000, Unum sent the plaintiff notification in writing that his claim under the policy was denied. The letter indicated that, because Casey's death was caused by the use of morphine, a controlled substance and the immediate metabolite of heroin, the claim must be denied because the policy was explicit that it did not cover a loss "caused by or contributed to by the voluntary use of a controlled substance." (Complt., Ex. D.) On July 5, 2000, the plaintiff filed an appeal to Unum of the denial of insurance coverage referenced in the April 14 letter. On September 12, 2000, the plaintiff was informed in writing that his appeal was denied. Again, the appeal was denied because the medical examiner concluded that Casey died as the result of morphine and alcohol intoxication, and the policy did not cover accidental losses caused by or resulting from the use of a controlled substance. (Complt., Ex. E.)

On March 22, 2002, the plaintiff filed his amended one count complaint against Unum. While acknowledging that this complaint implicates the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the plaintiff seeks relief pursuant to

certain provisions of the Illinois Insurance Code. Specifically, he seeks a recovery of his son's accidental death benefits, attorney's fees, costs, and other unspecified amounts.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

In its motion to dismiss, Unum has argued that the plaintiff's claim for benefits and attorney's fees under the Illinois Insurance Code is preempted by ERISA. The plaintiff, on the other hand, asserts that his complaint is not preempted by ERISA but rather is protected by ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A). We agree with the defendant that this cause of action is completely preempted by ERISA.

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as [the state law] may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). If a state law falls within the scope of Section 514(a), it may still be valid if it comes within ERISA's "savings clause," which states ERISA will not preempt any state law "which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). The subsequent "deemer clause," however, qualifies the savings clause and states that an employee benefit plan

3

"shall [not] be deemed to be an insurance company . . . for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts . . . ." 29 U.S.C. § 1144(b)(2)(B).

The determination of whether a state law is preempted by Section 514(a) requires a two-step analysis: 1) there must be an employee welfare benefit plan, and 2) the state law must "relate to" the employee benefit plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549 (1987). With respect to the welfare benefit plan requirement, there must be "(1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . (5) to participants or their beneficiaries." *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 738 (7th Cir. 1986). In this case, the parties do not dispute that the group life and accidental death and dismemberment insurance policy issued to Casey O'Neil was an "employee welfare benefit plan." The complaint indicates that Casey O'Neil was an employee of Brinson Partners, Inc., and that this company established or maintained the policy through Unum for the purpose of providing its employees, *inter alia*, accidental death insurance benefits. Based on these allegations, we conclude that the accidental death and dismemberment insurance policy issued to Brinson Partners by Unum was an employee welfare benefit plan for purposes of Section 514(a) of ERISA.

The second prong of Section 514(a) requires the state law to "relate to" the employee benefit plan. The Supreme Court has instructed that the phrase "relate[s] to" should be given a "broad common-sense meaning." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724,

4

739, 105 S.Ct. 2380 (1985). Accordingly, a state law "relate[s] to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890 (1983). The character of the action is the "controlling factor of the analysis: 'It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.'" *Cencula v. John Alden Life Ins. Co.*, 174 F. Supp. 2d 794, 799 (N.D. Ill. 2001) (quoting *Zuniga v. Blue Cross & Blue Shield of Michigan*, 52 F.3d 1395, 1401 (6th Cir. 1995).

In this case, the plaintiff has assiduously avoided identifying which section of the Illinois Insurance Code provides the relief he is seeking in his amended complaint. Accordingly, it is left for us to decipher the allegations as well as the requested relief in order to determine which provision of Illinois insurance law permits recovery. We have concluded that Section 155 of the Insurance Code, 215 ILCS § 5/155, is the only statutory provision which could conceivably provide the plaintiff with the relief he seeks. Section 155 expressly provides that "[i]n any action by or against a company . . . for an unreasonable delay in settling a claim [where] it appears to the court that such action or delay is vexatious and unreasonable," the Court may award attorney's fees and statutory damages. 215 ILCS § 5/155(1). In his prayer for relief in his amended complaint, the plaintiff seeks to recover the benefits under the policy plus damages and attorney's fees for "vexatious delay and wrongful refusal to pay. . . ." (Complt. at ¶ 20.) Therefore, based on his allegations, we find that the plaintiff is seeking recovery under Section 155 of the Illinois Insurance Code.

This conclusion is significant because every court in the Northern District of Illinois that has addressed the issue has found that Section 155 of the Illinois Insurance Code "relate[s] to" an

ERISA plan. *See, e.g., Dobner v. Heath Care Service Corp.*, 2002 WL 1348910, at *4 (N.D. Ill. June 19, 2002); *Cencula*, 174 F. Supp. 2d at 799; *Gawrysh v. CNA Ins. Cos.*, 978 F. Supp. 790, 793 (N.D. Ill. 1997); *Lutheran Gen. Hosp., Inc. v. Massachusetts Mut. Life Ins. Co.*, 1996 WL 124449, at *3 (N.D. Ill. Mar. 12, 1996); *Goodhart v. Benefit Trust Life Ins. Co.*, 1990 WL 205821, at *3 (N.D. Ill. Nov. 29, 1990); *Buehler Ltd. v. Home Life Ins. Co.*, 722 F. Supp. 1554, 1560-61 (N.D. Ill. 1989). Section 155 certainly "relate[s] to" Casey O'Neil's accidental death and dismemberment policy with Unum because the plaintiff is using Section 155 in an attempt to recover damages associated with the denial of a claim under that policy. Given the persuasive precedent in this district and the broad sweep of Section 514(a) of ERISA, the plaintiff's claim will be preempted unless it falls within ERISA's "savings clause."

A state law will only be saved from preemption if all prongs of a three-part test are met: 1) a common-sense interpretation of the state law must suggest it regulates insurance; 2) the state law must regulate the "business of insurance" as defined by case law interpreting the McCarran-Ferguson Act, and 3) allowing the state claim to proceed must not undermine ERISA's civil enforcement procedures. *See Cencula*, 174 F. Supp. 2d at 800; *Gawrysh*, 978 F. Supp. at 793. As both the *Cencula* and *Gawrysh* courts have properly noted, because Section 155 provides remedies for unreasonable or vexatious delays in insurance claim processing, a common-sense interpretation of Section 155 suggests that it regulates insurance. *See id.*

The McCarran-Ferguson prong of the "savings clause" test has three elements: 1) whether the state law has the effect of transferring or spreading policyholder risk; 2) whether the state law is an integral part of the policy relationship between the insurer and the insured; and 3) whether the state law is limited to entities within the insurance industry. *See Pilot Life*, 481 U.S. at 48

(citing *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 129, 102 S.Ct. 3002 (1982)). With respect to this prong of the test, there is split in this Court when it comes to Section 155. For instance, some courts have found that Section 155 is not an integral part of the relationship between the insured and insurer, while others have. *See generally, Gawrysh*, 978 F. Supp. at 793 (citing cases). However, just like the *Cencula and Gawrysh* courts, this Court need not contribute to this debate because the third savings clause prong is controlling. It is axiomatic that Section 1132(a) is meant to be the exclusive provision for civil enforcement of rights under ERISA. *See Pilot Life*, 481 U.S. at 51-54. Allowing the plaintiff to assert a claim under Section 155 would almost certainly undermine ERISA's explicit enforcement procedures. Therefore, the plaintiff's claim under Section 155 of the Illinois Insurance Code is preempted. *See Cencula*, 174 F. Supp. 2d at 800; *Gawrysh*, 978 F. Supp. at 794. If the plaintiff wants the relief he is seeking, he must first look to ERISA itself.

In his response to the motion to dismiss and in a supplemental filing, the plaintiff relies on two recent United States Supreme Court decisions. We will briefly address each of these rulings. First, plaintiff cites to the Court's holding in *Unum Life Ins. Co. of America v. Ward*, 526 U.S. 358, 119 S.Ct. 1380 (1999). In that case, the Court did not address Section 1132(a)'s exclusivity except to state that the issue was not implicated by the facts of the case. *See id.* at 376-77. Hence, *Unum* did not dramatically alter the landscape when it comes to the preemptive effect of ERISA on state law enforcement actions such as those based on Section 155 of the Illinois Insurance Code. Consequently, *Pilot Life* remains good law. *See Cencula*, 174 F. Supp. 2d at 801. According to *Pilot Life*, plaintiff cannot recover statutory damages and attorney's fees under Section 155 because that claim is preempted by ERISA. *See Pilot Life*, 481 U.S. at 51-54.

The plaintiff also relies on the recent Supreme Court decision in *Rush Prudential HMO, Inc. v. Moran*, ___ U.S. ___, 122 S.Ct. 2151 (2002). In this case, the issue was whether the Illinois HMO Act, which requires an HMO to provide a medical service "[i]n the event that [a] reviewing physician determines the covered service to be medically necessary," was preempted by ERISA. In reaching its conclusion, the Court, as in *Unum*, validated the Section 1132(a) preemption analysis discussed both in *Pilot Life* and in this opinion. 122 S.Ct. at 2159-61. The precise issue at stake in *Moran* was whether the remedies available in the Illinois HMO Act conflicted with the explicit ERISA remedies listed in 29 U.S.C. § 1132(a). The Court concluded that the state regulatory scheme at work in the Illinois HMO Act did not provide a "new cause of action under state law and authorize[d] no new form of ultimate relief," and it did not "enlarge the claim beyond the benefits available in any action brought under § 1132(a)." *Id.* at 2167. What the Court did not do in *Moran* was change the preemption regime that has been in place since the 1980s. Unlike the "medically necessary" provision of the Illinois HMO Act, which the Court held was not preempted because it was consistent with the civil remedies of ERISA, Section 155 undoubtedly would expand, and thus undermine, Congress' carefully crafted civil enforcement scheme in Section 1132(a).

Therefore, we conclude that, based on the binding precedent in this area, the plaintiff's request for relief pursuant to Section 155 of the Illinois Insurance Code is preempted by ERISA.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. This case is terminated. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: October 16, 2002